United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cesar Mainardi, Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 23-23344-Civ-Scola |
| ) | Consol. Case No. 23-23348 |
| Fontainebleau Florida Hotel, LLC, ) | |
| KPMG US LLP, and KPMG ) | |
| International, Defendants. ) | |

### **Order Striking Complaint**

      This matter is before the Court upon an independent review of the record. This case involves two lawsuits, both of which were removed from state court. In his first-filed case, Plaintiff Cesar Mainardi complains about his employment relationship with Defendant Fontainebleau Florida Hotel, LLC. (Compl. I, ECF No. 1-2.) As best the Court can discern, Mainardi's claims relate to allegations that the Fontainebleau violated his rights under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Equal Pay Act. He also references the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and defamation claims. In his second lawsuit, filed a few minutes later, lodged against the Fontainebleau as well as KPMG US LLP and KPMG International,[1] Mainardi's allegations appear to raise claims related to defamation, retaliation under Title VII, and the EPA. (Compl. II, Consol. Case No. 23cv23348, ECF No. 1-2.) The Fontainebleau has filed a motion to dismiss the first-filed case (Mot. to Dismiss Compl. I, ECF No. 9) and the Fontainebleau and KPMG have jointly filed a motion to dismiss to the second-filed case (Mot. to Dismiss Compl. II, Consol. Case No. 23cv23348, ECF No. 12). Among other things, the Defendants maintain that Mainardi's complaints are both shotgun pleadings. Mainardi has responded to both motions (Pl.'s Resps. ECF Nos. 13, 14) and the Defendants have filed a joint reply as to both responses (Defs.' Reply, ECF No. 15.) After review, the Court agrees with the Defendants and finds Mainardi's complaint amounts to a shotgun pleading.

      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up). Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10 also provides that,

---

[1] It does not appear from the record that Mainardi has yet served KPMG International.

"[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

Although Courts afford pro se litigants, such as Mainardi, "wide latitude when construing their pleadings and papers," this leniency "does not excuse pro se litigants from following the procedural rules." *Arrington v. Wells Fargo*, 842 F. App'x 307, 311 (11th Cir. 2020). Nor does the liberal construction of pro se filings "allow a court to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (cleaned up).

Against this backdrop, the Court turns to Mainardi's pleadings, both of which suffer from a number of pleading defects. To begin with, neither pleading separates each cause of action into a separate count. Instead, they both present Mainardi's grievances within a jumble of paragraphs, often neglecting to distinguish which events or activities occurred when or which claim the recited facts pertain to. In sum, it is nearly impossible for either the Defendants or the Court to ascertain which causes of actions are even being brought, which statute Mainardi seeks to invoke as to each cause of action, the legal theories supporting those causes of action, and which facts apply to those theories.

Even more problematic, Mainardi's pleadings are both "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Mainardi's claims amount to mostly disconnected and difficult to parse, rambling legal conclusions or impenetrable descriptions of events, the support for or meaning of which is unclear. But a plaintiff must articulate "enough *facts*," not mere passing references to statutes and legal theories, in order "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 545. The Court is unable to discern the underpinnings of Mainardi's legal grievances based on his slapdash reference to various claims, combined with his difficult to parse narrative of events.

Lastly, in Mainardi's second-filed complaint, he fails to distinguish which allegations and which claims are directed to which of the three named Defendants. *See Weiland*, 792 F.3d at 1323 (noting the impropriety of "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). This jumbling of parties makes it virtually impossible for each of the Defendants to ascertain which claims apply to them specifically.

In order to remedy these deficiencies, the Court orders Mainardi to file one amended complaint. In doing so, he must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) limit his factual background section to only those factual allegations that are common to or supportive of all his claims; (4) clearly identify which Defendants are responsible for what conduct and which cause of action; (5) avoid lumping together multiple causes of action into a single count; (6) avoid conclusory or vague allegations; and (7) identify which factual allegations and acts pertain to which count. The Court cautions Mainardi to plead only facts that are tethered to a viable cause of action against each Defendant

For the reasons set forth above, the Court **grants** the Defendants' motions to dismiss (**ECF No. 9** and **Case No. 23cv23348, ECF No. 12**) to the extent they argue Mainardi's complaints are shotgun pleadings and strikes them both. Mainardi may file an amended complaint by **November 15, 2023**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards otherwise described above. Mainardi is forewarned that his **failure to comply with this order may result in the dismissal of his case**.

Additionally, the Court **denies** Mainardi's motion for an interpreter (**ECF No. 23**) and motion for a temporary order (**ECF No. 24**) because neither supplies any legal support or analysis supporting his entitlement to the relief requested. The Court also **denies** Mainardi's motion for a jury trial **without prejudice** (**ECF No. 26**): to the extent Mainardi seeks a jury trial, he can include a demand for one should he file an amended complaint. Finally, the Court **denies** Mainardi's motion for referral to the volunteer attorney program, also **without prejudice** (**ECF No. 27**). Should Mainardi file an amended pleading that comports with the above instructions, he can renew his motion for a referral.

**Done and ordered**, in chambers at Miami, Florida, on November 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge